FILED

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## for the District of Columbia

FEDERAL TRADE COMMISSION,
                    Plaintiff,
600 Pennsylvania Ave., NW, H-286
Washington, DC  20580
(ph) 202-326-3071 (Richard McKewen)
mckewen@ftc.gov
(ph) 202-326-3734
lkim@ftc.gov.

                    V.

NATIONWIDE CONNECTIONS, INC., et al.
                    Defendants.
c/o Andrew G. Berg
King & Spalding LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
(ph) 202-626-2924
(fax) 202-626-3737
agberg@kslaw.com

In regards to Case Number:
    06-80180-Civ-Ryskamp-Vitunac
    Southern District of Florida

Case: 1:07-mc-00219
Assigned To : Bates, John D.
Assign. Date : 5/23/2007
Description: MISC.

## MOTION TO QUASH A SUBPOENA

**In Regard to:** A subpoena (Exhibit A) of the United States District Court for the District of Columbia (the Court) issued to Witness ~~Robert J. Katt~~ by Mr. Andrew Berg, counsel for Defendants in *Federal Trade Commission v. Nationwide Connections, Inc.*, as an officer of the Court. Herein "Subject Subpoena."

**Prefatory Note:** *Timely filing of this motion is of the essence*, as otherwise Witness has no recourse to the protections vouchsafed him under Rule 45, Subdivision (c), of the Federal Rules of Civil Procedure with regard to Witness's complaints about the Subject Subpoena. (Witness's complaints are detailed and supported in Exhibit 2, Parts A through D.) Despite the fact that

Witness is not admitted to the D.C. Bar and this motion likely has deficiencies in form, style and content relative to motions submitted in the normal course of Court business by attorneys admitted to the D.C. bar, the Witness requests that, in accordance with Rule 5, Subdivision (e) of the Federal Rules of Civil Procedure, the Clerk of the Court not refuse to accept this motion for filing.

Witness is not an attorney nor do I have any formal legal training. I am not at present represented by counsel, and this motion has had no opportunity of review or correction by an attorney at law.

## Proposed Motion to Quash a Subpoena and Impose Sanctions under Rule 45, Subdivision c.1

Witness moves that the Court consider, revise as appropriate, and issue the following order:

WHEREAS, the Subject Subpoena places excessive and unreasonable burdens of response on the Witness relative to the substance of the Witness's consumer complaint regarding the Defendants.

WHEREAS, the Subject Subpoena contains problems of clarity of language and/or states impossible conditions for Witness to meet, thereby imposing excessive and undue burden on the Witness to determine how to respond to the demands for documents.

WHEREAS, the Federal Trade Commission notified the Issuing Officer of the Subject Subpoena, prior to its service on the Witness, that the subpoena had grave faults and demanded that the Subject Subpoena be withdrawn.

WHEREAS, copies of all documents in the Witness's possession or control that reference or pertain to the Witness's consumer complaint submitted to the Federal Communications Commission up to May 2007 have already been made available to the Issuer of the Subject Subpoena.

THEREFORE, the United States District Court in the District of Columbia orders the following actions under Rule 45, Subdivisions c.1 and/or c.3.A of the Federal Rules of Civil Procedure:[1]

(1)     The Court quashes the subpoena of documents issued by Mr. Andrew Berg to Witness on May 14, 2007.

(2)     The Issuer of the Subject Subpoena is ordered to reimburse Witness for lost earnings in accordance with a schedule of time required to respond to the Subject Subpoena and Witness's hourly billing rate, as prepared by the Witness.[2]

(3)     The Court orders that costs, including but not limited to lost earnings, a reasonable attorney's fee, and costs of preparing documents for delivery, of responding to any future Subpoena issued by: (A) Mr. Berg or (B) any Counsel for the Defense in the case of *Federal Trade Commission v. Nationwide Connections, Inc.* or (C) any individual acting on behalf of or at the request of any of the Defendants in *Federal Trade Commission v. Nationwide Connections, Inc. et al.*, be reimbursed by Issuer of such subpoena.

---

[1] Should the Court reject any or all of the proposed actions in this motion, Witness has provided some possible alternatives for consideration in Exhibit B, Part E.
[2] A schedule of lost earnings is included in Exhibit E.

Dated: May 23, 2007                    Respectfully Submitted

_Robert J. Katt_

ROBERT J. KATT (pro se)
rkatt@mindspring.com

1400 South Joyce Street, APT 1219
Arlington, VA 22202-1849
(ph) 703-486-0075
(mobile) 202-297-3104
(fax) 703-486-0075

Witness under subpoena of the
United States District Court for the
  District of Columbia

**Exhibit A**

Exhibit A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF                          COLUMBIA

FEDERAL TRADE COMMISSION                    **SUBPOENA IN A CIVIL CASE**

V.

NATIONWIDE CONNECTIONS, INC., et al.

Case Number:[1]  06-80180-Civ-Ryskamp-Vitunac
Southern District of Florida

TO:  Robert Katt
1400 S. Joyce St., Apt. 1219
Arlington, VA 22202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE    Federal Trade Commission
600 Pennsylvania Ave., NW, Room 242, Washington, DC 20580 | DATE AND TIME
5/24/2007 9:30 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
5/14/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Berg, Counsel for Defendants Billing Concepts, Inc., ACI Billing Services, d/b/a OAN and BSG Clearing Solutions North America, LLC, 1700 Pennsylvania Ave., NW, Ste. 200, Washington, DC 20006, 202-626-2924

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit A**

## INSTRUCTIONS

The following instructions are applicable throughout these Requests and are incorporated into each specific Request:

1.      Without limiting the definition of the term "document" stated below, documents covered by these Requests include any document subject to your direction, possession, custody or control wherever located or removed.

2.      Without in any way limiting the definition of "document," You are instructed to search all document management systems, computer archives, personal computers, laptop or notebook computers, personal data assistants, and backup tapes or disks for documents that may be responsive to this Request, and production of such documents should be made regardless of whether the user purported to "delete" the document if such document is capable of being retrieved from archives, hard drives, and/or any other backup tapes or disks.

3.      The documents requested here are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests. If there are no documents responsive to a particular numbered paragraph and/or category, so state in writing.

4.      All documents that respond, in whole or in part, to any portion or clause of any paragraph of any Request shall be produced in their entirety.

5.      You may produce legible, complete, and exact copies of the original documents, provided that the originals be made available for inspection upon request by counsel for BSG.

6.      Where any item contains marking(s) not appearing in the original, or drafts are altered from the original, then all such items must be considered as separate documents and identified and produced as such.

7.     If documents or data stored in or accessible through a computer or other data retrieval system are produced, the documents must be accompanied by instructions and other materials necessary to access or interpret such data.

8.     If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests are intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. All terms not otherwise defined shall have their ordinary and common meanings. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1.     "You," "your," "yours," and "Katt" shall refer to Robert Katt to whom these Requests are directed, as well as any accountants, consultants, attorneys, employees, assigns, agents, and representatives, as well as each other person acting, authorized to act, or purporting to act on behalf of Katt.

2.     "Document" or "record" includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in your possession, custody, or control, or of which you have knowledge, including, but not limited to, computer files, computer databases, computer printouts, electronic mail, electronically stored information, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, receipts, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional

3

materials, films, video tapes, audio tapes, brochures, pamphlets, correspondence, studies,

diagrams, charts, projections, tabulations, analyses, questionnaires and responses, work papers,

summaries, data sheets, statistical or informational accumulations, data processing cards or

worksheets, computer stored and generated documents, computer disks and formats, machine

readable electronic files or records documents and materials, or any written or recorded materials

of any other kind, however stored, recorded, produced, or reproduced, and also including, but not

limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings

of any kind not found on the original documents or that are otherwise not identical to the original

documents.

　　　　3.　　　"Evidence, reflect, or relate to" means in the broadest sense and includes

documents and things alluding to, responding to, concerning, connected with, commenting on, in

respect of, about, regarding, discussing, evidencing, contradicting, showing, describing,

reflecting, analyzing and/or constituting the subject matter of the request.

## DOCUMENT REQUESTS

**Request No. 1:**

Please produce all of your telephone bills from January 1, 1997 until the present.

**Request No. 2:**

Please produce all documents in your possession, including telephone bills that discuss, describe,
refer, evidence, relate to any charges which you disputed.

**Request No. 3:**

Please produce all documents in your possession that discuss, describe, refer to or evidence
Nationwide Connections, Access One Communications, Inc., or Network One Services, Inc.

**Request No. 4:**

Please produce all documents in your possession that discuss, describe, refer to or evidence Billing Concepts, Inc., BSG Clearing Solutions North America, LLC, ACI Billing Services, Inc d/b/a OAN, and/or Integretel, Inc. (now known as The Billing Resource d/b/a Integretel).

**Request No. 5:**

Please produce all documents in your possession that discuss, describe, refer to or evidence documents submitted to any regulatory authorities, including the Federal Trade Commission, regarding the collect call charges in dispute.

**Request No. 6:**

Please produce all documents in your possession that discuss, describe, refer to or evidence any complaints, inquiries, charge disputes or requests to investigate any charges filed with any telephone company since January 1, 1997.

**Request No. 7:**

Please produce all documents in your possession, including telephone bills, that discuss, describe, refer to or evidence any operator-assisted telephone services billed to you or used by you since January 1, 1997.

**Request No. 8:**

Please produce all documents in your possession, including telephone bills, that discuss, describe, refer to or evidence any collect call telephone services billed to you or used by you since January 1, 1997.

**Request No. 9:**

Please produce all documents in your possession that discuss, describe, refer to or evidence communications with the FTC about Nationwide Connections, Access One Communications, Inc., Network One Services, Inc., Billing Concepts, Inc., BSG Clearing Solutions North America, LLC, ACI Billing Services, Inc., and/or Integretel, Inc. (now known as The Billing Resource d/b/a Integretel).

**Request No. 10:**

Please produce all documents sufficient to identify your current place and nature of employment.

**Request No. 11:**

Please produce all documents that discuss, describe, refer, evidence, or relate to any telephone charges of any kind that you have disputed since January 1, 1997.

### Request No. 12:

Please produce all documents that discuss, describe, refer, evidence, or relate to any inquiries or complaints to any regulatory agency related to any telephone services since January 1, 1997.

### Request No. 13:

Please produce all documents that discuss, describe, refer, evidence, or relate to any charges billed to you for any goods or services that you have disputed since January 1, 1997.

### Request No. 13:

Please produce all documents that discuss, describe, refer, evidence, or relate to all communications with the Federal Trade Commission about this case, *Federal Trade Commission v. Nationwide Connections, Inc., et al.*, or about your billing complaint.

# Exhibit B
## The Witness's Complaints against the Subject Subpoena

**Witness:**        Mr. Robert J. Katt, residing at 1400 South Joyce Street, Apartment 1219,
Arlington, Virginia 222202-1849
Voice/fax telephone number: 703-486-0075
Cellular telephone number: 202-297-3014
Internet email: rkatt@mindspring.com

**Subject Subpoena:** A subpoena (Exhibit A above) of the United States District Court for the District of Columbia (the Court) issued to Witness by Mr. Andrew Berg, counsel for Defendants in *Federal Trade Commission v. Nationwide Connections, Inc.*, as an officer of the U.S. District Court for the District of Columbia.

**Background:** I am not an attorney nor do I have any formal legal training. I am not at present represented by counsel, and this bill of particulars has had no opportunity of review or correction by an attorney at law. I am a self-employed technical writer who works primarily in the areas of science and technology and the interactions of science and technology with public policy. In preparing this exhibit, I have relied on the tools of my trade: clarity and precision of expression and organization, reasoned argument, and close analysis of material fact and written documents. Given the extent of the redress I have requested (see proposed Motion and alternatives in Part E, below), I have sought to give, in Parts A through D, sufficient grounds for each of the proposed actions of the Court.

On May 10, 2007, I agreed to be a witness in a federal civil suit. A consumer complaint that I submitted by Internet form to the Federal Communication Commission (FCC) on September 14, 2005, is the issue with respect to which I have been subpoenaed by the Federal Trade Commission (FTC) to be deposed on May 24, 2007. I believe that my agreement to serve as a federal witness was the motivation for issuance of the Subject Subpoena (see Exihibit A) by Mr. Berg.

Sections A through D of this exhibit correspond to the four reasons ("whereas" statements) in the Motion to Invoke Sanctions for Failure to Protect Persons Subject to Subpoena. Section E lists the remedies sought in that motion (the "therefore" statement), as well as potential alternatives for the Court to consider.

A.        **WHEREAS, the Subject Subpoena places excessive and unreasonable burdens of response on the Witness relative to the substance of the Witness's consumer complaint regarding the Defendant(s).**

These burdens of response include but are not limited to: loss of earnings; extensive hours of effort within an unreasonably and unnecessarily short period of time; potential liabilities for failure to meet prior contractual obligations of the Witness with respect to Witness's business and source of livelihood; and costs for preparing, copying, acquiring, and organizing both the enormous number of documents falling under the scope of the Subject Subpoena's Document Requests and the Witness's own documents to address Witness's objections and grievances with

the Subject Subpoena. These excessive and unreasonable burdens, itemized below by the
Request Number in the Subject Subpoena, have denied Witness the protections vouchsafed under
Rule 45, Federal Rules of Civil Procedure, Subdivision (c).

1.     Request No. 1 demands "all your telephone bills from January 1, 1997 until the present."
       During all or part of this ten-year period, Witness had (a) a local telephone service
       provider (Bell Atlantic/Verizon), (b) a long distance carrier for outgoing calls (MCI or
       Verizon), and (c) a cellular telephone service. The subject of Witness's consumer
       complaint to the FCC is a single operator-assisted collect call billed to the Witness's local
       telephone number by a third-party service provider.

       (a)     Witness considers the demand for telephone bills other than those of the local
               service provider to be excessive and unreasonable within the meaning of Rule 45.
       (b)     Witness considers the request for telephone bills extending back ten years to be
               excessive and unreasonable within the meaning of Rule 45, given the short time
               allowed for response. The Subject Subpoena was served on Friday, May 18, 2007,
               at 2:43 p.m. and demands that all Witness's telephone bills during the period
               specified be delivered at 9:30 p.m. [sic], May 24, 2007. The Subject Subpoena
               does not limit this demand to telephone bills within the Witness's possession.

2.     Request No. 2 demands all documents in Witness's possession that discuss, describe,
       refer, evidence, or relate to *any charges* that Witness has disputed. The scope of this
       request is not restricted to operator-assisted collect call telephone charges or even to
       telephone billing charges in general. The scope is not restricted in time. As stated, it
       therefore requires Witness to provide *all* documents related to *any charge during the
       Witness's lifetime* that Witness has disputed.

       (a)     Witness considers the scope of Request No. 2 *with respect to the range of
               documents demanded* to be egregiously and maliciously excessive and
               unreasonable within the meaning of Rule 45.
       (b)     Witness considers the scope of Request No. 2 to be egregiously and maliciously
               excessive and unreasonable within the meaning of Rule 45, given the short time
               allowed for response. (See item A.1(b) above concerning the time allowed for
               response.)

3.     Request No. 5 demands all documents in Witness's possession that discuss, describe,
       refer to or evidence [*other*] documents submitted to *any regulatory authorities* regarding
       "the collect call charges in dispute." Nowhere in the Subject Subpoena is the term "the
       collect call charges in dispute" defined. The ambiguity of this term is specifically
       addressed under item B.5 of this exhibit.

       (a)     Given the ambiguity of the term "the collect call charges in dispute," the Witness
               considers the scope of Request No. 5, with respect to the range of documents
               potentially demanded, to be excessive and unreasonable within the meaning of
               Rule 45.
       (b)     Given the ambiguity of the term "the collect call charges in dispute," the Witness
               considers the scope of Request No. 5 to potentially be excessive and unreasonable

within the meaning of Rule 45, given the short time allowed for response. (See item A.1(b) above concerning the time allowed for response.)

4.     Request No. 6 demands all documents in Witness's possession that discuss, described, refer to or evidence any complaints, inquiries, charge disputes or requests to investigate *any* charges filed with *any* telephone company since January 1, 1997. First, the scope of this demand far exceeds the issue of operator-assisted collect call billing charges, third party billing charges by a local telephone service provider, or charges that were the subject of a consumer complaint by the Witness. Second, as written, the request applies to charges filed by *anyone*, not just the Witness, with respect to *any charges* filed by *any* telephone company. Request No. 6 therefore represents an onerous and burdensome demand with no relevance to the suit for which Witness has been subpoenaed to be deposed.

For example, in August 2004, Witness requested by telephone that Verizon remove or decrease a charge for a telephone calling plan that the Witness had initially agreed to, as part of transferring service to a new telephone number, at the beginning of August. After this initial call and before the calling plan was to go into effect, Witness had called Verizon again to change to a different calling plan and cancel the first plan. After discussing the dates and content of the two earlier calls with Witness, Verizon Customer Service agreed to drop the entire charge for the first plan. Under Request No. 6 as written, Witness would be required to produce the Verizon bill with the charge for the first plan, the subsequent bill showing the credit for that charge, and an explanation of the charge dispute. Similarly, any and all other interactions concerning any and all billing or service issues, of whatever kind with any telephone companies (including billing or services issues raised by someone other than the Witness) would fall under this request.

(a)     Witness considers the scope of Request No. 6 with respect to the range of documents specified to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45.

(b)     Witness considers the scope of Request No. 6 to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45, given the short time allowed for response. (See item A.1(b) above concerning the time allowed for response.)

5.     Request No. 7 demands all documents in Witness's possession, including telephone bills, that discuss, describe, refer to or evidence any *operator assisted* telephone services billed to the Witness or used by him since January 1, 1997. Operated assistance services used by Witness are irrelevant to the Customer Complaint concerning one collect call billed to Witness in September 2005.

(a)     Witness considers the scope of Request No. 7 with respect to the range of documents specified to be excessive and unreasonable within the meaning of Rule 45. With respect to its inclusion of all documents, not just telephone bills, and its reference to services used by Witness as opposed to services billed to the Witness, the scope is excessive and unreasonable.

   (b)    Witness considers the ten-year time scope of Request No. 7 to be excessive and
          unreasonable within the meaning of Rule 45.

   (c)    Witness considers the scope of Request No. 7 to be excessive and unreasonable
          within the meaning of Rule 45, given the short time allowed for response. (See
          item A.1(b) above concerning the time allowed for response.)

6.    Request No. 8 is identical to Request No. 7, except that "collect call telephone services"
      is substituted for "operator-assisted telephone services." Collect call services used by
      Witness are irrelevant to the Customer Complaint concerning one collect call billed to
      Witness in September 2005.

   (a)    Witness considers the scope of Request No. 8 with respect to the range of
          documents specified to be excessive and unreasonable within the meaning of Rule
          45. With respect to its inclusion of all documents, not just telephone bills, and its
          reference to services used by Witness as opposed to services billed to the Witness,
          the scope is excessive and unreasonable.

   (b)    Witness considers the ten-year time scope of Request No. 8 to be excessive and
          unreasonable within the meaning of Rule 45.

   (c)    Witness considers the scope of Request No. 8 to be excessive and unreasonable
          within the meaning of Rule 45, given the short time allowed for response. (See
          item A.1(b) above concerning the time allowed for response.)

7.    Request No. 9 demands documents that are logically a subset of the documents demanded
      under Requests No. 3 and No. 4 together. The only difference is that Request No. 9
      references all the corporate entities listed in either Request No. 3 or No. 4 and
      specifically refers to the Federal Trade Commission (FTC). Thus, this demand can
      produce no documents not already produced under Requests No. 3 or No. 4. The sole
      effect of adding this request is to create extra work for Witness in cross-cataloguing
      documents under multiple requests.

   (a)    Witness considers such multiplication of Document Requests that must logically
          produce the same documents that fall within the scope of other Document
          Requests to be excessive and unreasonable within the meaning of Rule 45.

   (b)    Furthermore, Witness holds that such multiplication of Document Requests in the
          Subject Subpoena is evidence of either reckless carelessness (misfeasance) in
          preparing the Subject Subpoena or deliberate and malicious intent to intimidate or
          harass the Witness (malfeasance).

8.    Request No. 10 demands "all documents sufficient to identify your current place and
      nature of employment." The request as written demands *all such documents*, not simply
      (for example) "a document or set of documents sufficient to identify" the Witness's
      current place and nature of employment. Furthermore, the request is not explicitly limited
      to documents in Witness's possession and therefore, according to Definition No. 2 of the
      subpoena, includes "without limitation, each and every written, recorded, or graphic
      matter of any kind, type, nature, or description that is or has been in [Witness's]
      possession, custody, or control, or of which [Witness] has knowledge, including, but not
      limited to computer files, computer databases,…etc." Witness possesses perhaps

thousands of documents that, individually or in some combination, meet this demand (e.g., business invoices; business correspondence; federal, state, and local forms and licenses, cancelled checks, emails, electronic documents and records, and so on). There are even more documents not in Witness's possession but of which he has knowledge (such as documents held by clients or federal, state, or local government agencies) or that have been in his possession at some time.

    (a)    The egregious wording of Request No. 10 may simply be due to careless drafting and ineffectual senior review by Defendant's counsel of a Court document covered by Rule 45 (misfeasance). Or it may reflect a deliberate intent to harass, burden, and intimidate a federal witness (malfeasance).

    (b)    Witness considers the scope of Request No. 10 as written, with respect to the range of documents specified, to be excessive and unreasonable within the meaning of Rule 45.

    (c)    Witness considers the scope of Request No. 10 as written to be excessive and unreasonable within the meaning of Rule 45, given the short time allowed for response. (See item A.1(b) above concerning the time allowed for response.).

9.    Request No. 11 demands all documents that discuss, describe, refer, evidence, or relate to any telephone charges of any kind that Witness has disputed since January 1, 1997. In comparison with Request No. 6, which it otherwise resembles, this request is not restricted to documents in Witness's possession and therefore, under the definitions in the Subject Subpoena, includes all documents of which the Witness has any knowledge, whether or not the documents are or have been in the possession or control of the Witness. Other than this broadening of document class, Request No. 11 describes the same class of documents as Request No. 6 and therefore suffers from all of the faults of Request No. 6 as described in item A.4. If anything, the overreaching of the request and the excessive burdens created are greater because it extends the class of documents beyond those in Witness's possession.

    (a)    Witness considers the scope of Request No. 11, with respect to the range of documents specified, to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45.

    (b)    Witness considers the scope of Request No. 11 to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45, given the short time allowed for response. (See item A.1(b) above concerning the time allowed for response.)

10.    Request No. 12 demands that Witness "produce all documents that discuss, describe, refer, evidence, or relate to any inquiries or complaints to any regulatory agency related to any telephone services since January 1, 1997." The scope of this demand is not limited to Witness's telephone services; it has no limitation with respect to the matter of the FTC suit against Defendants nor with respect to Witness's consumer complaint. The request is not limited to Witness's inquiries or complaints. The scope is not limited to documents in Witness's possession and therefore comes under the broadest construal of "document" under the definitions of the Subject Subpoena.

The scope of this request is therefore enormous. For example, much of the content on Internet sites of any regulatory agency that Witness knows has an interest in telephone services would come under the scope of this demand. Books and law journal articles on telephone services regulation would come under the demand. Any magazine or newspaper article that Witness has seen since January 1, 1997 that discusses complaints or even simple inquiries to any regulatory agency about anything connected with telephone service comes under this demand. Request No. 12 is therefore egregiously overbroad and overreaching with respect to Rule 45. Such egregious wording of a document request may be due simply to careless drafting and ineffectual senior review by Defendant's counsel of a Court document covered by Rule 45 (misfeasance). Or it may reflect a deliberate intent to harass, burden, and intimidate a federal witness (malfeasance).

(a)    Witness considers the scope of Request No. 12, with respect to the range of documents specified, to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45.

(b)    Witness considers the scope of Request No. 12 to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45, given the short time allowed for response. (See item A.1(b) above concerning the time allowed for response.)

11.    There are two Document Requests numbered "13" in the Subject Subpoena. The first Request No. 13 demands all documents that discuss, describe, refer, evidence, or relate to any charges billed to Witness for any goods or services that Witness has disputed since January 1, 1997. The scope of this demand far exceeds any relevance to the FTC suit against Defendants or the Witness's consumer complaint. Neither is it limited to documents in the Witness's possession, which means it comes under the broadest possible construal of the definitions of "document" in the Subject Subpoena.

For example, Witness disputed a charge for groceries at a Harris Teeter grocery store last year because the item price shown on a sale tag on the shelf differed from the price charged at the cash register. Although Witness no longer has the sales receipt in question, Witness did possess it at one time and would therefore be required to produce it under the first Request No. 13. Witness's questioning in September 2004 of a charge for a Verizon billing plan, described in item A.4 of this exhibit, would come within the scope of this document request. During a trip to Portugal in the fall of 2006, Witness was mistakenly brought a restaurant bill that was for a different table. When the error was pointed out to the waiter, the correct check was provided and was paid by Witness with a Visa credit card. The Visa bill for that dinner would come under the scope of the first Request No. 13, even though the amount billed to Visa was the corrected amount.

(a)    Witness considers the scope of the first Request No. 13, with respect to the range of documents specified, to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45.

(b)    Witness considers the scope of the first Request No. 13 to be egregiously and maliciously excessive and unreasonable within the meaning of Rule 45, given the

short time allowed for response. (See item A.1(b) above concerning the time allowed for response.)

12.    The second request No 13 demands all documents that discuss, describe, refer, evidence, or relate to all communications with the FTC regarding the FTC suit against Nationwide Connections, Inc. et al. or about "your billing complaint." Unlike similar Requests No. 3, 5, and 9, the second Request No. 13 is not limited to documents in Witness's possession and therefore comes under the broadest possible construal of the definitions of "document" in the Subject Subpoena. Furthermore, the reference to "your billing complaint" is ambiguous, particularly given the wide scope of "billing complaint" used in other Document Requests in this subpoena. (See item B.7 concerning the ambiguity of this term.)

    (a)    Witness considers the scope of the second Request No. 13, with respect to the range of documents specified, to be excessive and unreasonable within the meaning of Rule 45.

    (b)    Witness considers the scope of the second Request No. 13 to be excessive and unreasonable within the meaning of Rule 45, given the short time allowed for response. (See item A.1(b) above concerning the time allowed for response.)

**B.    WHEREAS, the Subject Subpoena contains problems of clarity of language and/or states impossible conditions for Witness to meet, thereby imposing excessive and undue burden on the Witness to determine how to respond to the demands for documents.**

1.    The time at which the requested documents are commanded to be produced at the Federal Trade Commission (FTC), 600 Pennsylvania Ave. NW, Room 242, Washington DC, is 9:30 p.m. According to the times of opening given by the FTC's General Information telephone number (202-326-2222), the FTC building is not accessible to the public at 9:30 p.m. on any weekday. There is no public access to Room 242 when the building is closed, so this command of the subpoena is impossible for Witness to meet.

2.    Request No. 1 asks for "all your telephone bills from January 1, 1997, until the present." As Witness only possesses telephone bills from January 1999 to the present, telephone bills for the first two years of the request cannot be obtained by Witness within the four (4) business days between the date of receipt of the subpoena (Friday, June 18, 2007, at 2:43 p.m.) and the date on which the subpoena requires that they be produced (Thursday, June 24, 2007, at 9:30 p.m.). Witness does not know whether his telephone companies (local telephone service provider and a long-distance carrier) during those two years can supply copies of bills that far back in time.

3.    Request No. 3 demands all documents in Witness's possession that discuss, describe, refer to or *evidence* a list of corporate entities. Only one of these entities, Nationwide Connections, is specifically mentioned in the telephone billing charge that was the subject of Witness's consumer complaint to the Federal Communications Commission. As Witness has no knowledge of the relation of the other corporate entities listed to any of the entities explicitly mentioned in the disputed billing charge or the consumer

complaint, Witness has no way to determine which documents in his possession may or may not "evidence" any of the other listed entities.

4.      Request No. 4 demands all documents in Witness's possession that discuss, describe, refer to or *evidence* a list of corporate entities different from those listed in Request No. 3. None of these entities is specifically mentioned in the telephone billing charge that was the subject of Witness's consumer complaint or in the complaint itself. One of the entities listed is ACI Billing Services, Inc d/b/a OAN. The acronym OAN is not explained (spelled out) anywhere in the Subject Subpoena. As Witness has no knowledge of the relation of any of the listed corporate entities/acronyms to any of the entities explicitly mentioned in the disputed billing charge or the consumer complaint, Witness has no way to determine which documents in his possession may or may not "evidence" any of the listed entities.

5.      Request No. 5 demands all documents in Witness's possession that discuss, describe, refer to or evidence [*other*] documents submitted to *any regulatory authorities* regarding "the collect call charges in dispute." Nowhere in the Subject Subpoena is the term "the collect call charges in dispute" defined. The intended scope of the request is therefore hopelessly ambiguous. For example, are these collect call charges that the Witness has disputed at a particular time, or at any time during the past ten years, or at any time in the Witness's life? Does "the collect call charges in dispute" refer to collect call charges disputed by other people? The phrasing of other Document Requests in the Subject Subpoena could support any or all of these possible interpretations.

6.      The Document Request in the subject subpoena contains two Requests No. 13, of entirely different content (see items A.11 and A.12 of this exhibit). This misnumbering of requests is in itself not a material burden to Witness except in the need to distinguish between the two Requests No. 13 in cross-cataloguing documents demanded under the large number of overlapping, repetitive, and extraneous document requests in the Subject Subpoena. However, this sloppiness is further evidence of carelessness in drafting the subpoena and in the senior review of its form and content prior to the subpoena being issued by an Officer of the Court. The error further supports Witness's claim, developed on more substantive points in other parts of this Exhibit, that the subpoena was issued with reckless disregard for the protections under Rule 45, Federal Rules of Civil Procedure, Subdivision (c).

7.      The second request No. 13 demands all documents that discuss, describe, refer, evidence, or relate to all communications with the FTC regarding the FTC suit against Nationwide Connections, Inc. et al. or about "your billing complaint." Nowhere else in the Subject Subpoena is there a definition, characterization, or even other mention of "your billing complaint" to clarify the referent of this term. The demands in other Document Requests for wide classes of billing complaints (see in particular Requests No. 2, 6, 11, 12, and 13 (first of two)) further obscure the intended meaning of "your billing complaint." This phrasing is therefore further evidence of carelessness in drafting the subpoena and in the senior review of its form and content prior to the subpoena being issued by an Officer of the Court. The error further supports Witness's claim that the subpoena was issued with

reckless disregard for the protections under Rule 45, Federal Rules of Civil Procedure, Subdivision (c).

**C.    WHEREAS, the Federal Trade Commission notified the Issuing Officer of the Subject Subpoena, prior to its service on the Witness, that the subpoena had grave faults and demanded that the Subject Subpoena be withdrawn.**

In a letter dated May 17, 2007, and delivered via electronic mail (Exhibit C), Richard McKewen of the Federal Trade Commission notified Andrew Berg of King & Spalding LLP, who is also the Issuing Officer of the Subject Subpoena, that the subpoena had grave faults, along the general lines of the faults itemized in parts A and B of this specification of complaints. The Letter also demanded that the subpoena be withdrawn.

The Subject Subpoena, although dated May 14, 2007, was not delivered to Witness until May 18, 2007, at 2:43 p.m. by Michael Reeder of Capitol Process Services. Mr. Berg and/or his firm, King & Spalding, therefore had ample opportunity to respond constructively to Mr. McKewan's warning and halt service of the subpoena. That Mr. Berg and/or King & Spalding failed to so respond is *strong evidence* that the complaints about the Subject Subpoena detailed in Parts A and B above and in Mr. McKewen's letter reflect *deliberate and malicious violation* of Rule 45, Federal Rules of Civil Procedure, Subdivision (c).

**D.    Whereas, copies of all documents in the Witness's possession that reference or pertain  to the Witness's consumer complaint submitted to the Federal Communications Commission up to May 2007 have already been made available to the Issuer of the Subject Subpoena.**

The Witness has already provided to Mr. Richard McKewen of the FTC the originals of all documents in the Witness's possession at any time up to May 9, 2007, that reference or pertain to a billing charge for a collect call, *purported* to have begun at 1:01 p.m. on August 2, 2005, and continuing for 7 minutes, that was billed by Operator Assistance Network as a third-party biller on behalf of Nationwide Connections. The billing charge was included on Witness's Verizon statement dated September 2, 2005. This billing charge was the sole object of Witness's complaint to the Federal Communication Commission on September 14, 2007. According to Mr. McKewen's letter to Mr. Berg of May 17, 2007 (Exhibit C), copies of all these documents are to be provided to Mr. Berg.

**E.    THEREFORE, the United States District Court in the District of Columbia orders the following actions as sanctions under Rule 45, Subdivision (c)(3)(A) of the Federal Rules of Civil Procedure:**

(1)    The Court quashes the subpoena of documents issued by Mr. Andrew Berg to Witness on May 14, 2007.

(2)    The Issuer of the Subject Subpoena is ordered to reimburse Witness for lost earnings in accordance with a schedule of time required to respond to the Subject Subpoena and Witness's hourly billing rate, as prepared by the Witness.

(3)    The Court orders that costs, including but not limited to lost earnings, a reasonable attorney's fee, and costs of preparing documents for delivery, of

responding to any future Subpoena issued by: (A) Mr. Berg or (B) any Counsel for the Defense in the case of *Federal Trade Commission v. Nationwide Connections, Inc.* or (C) any individual acting on behalf of or at the request of any of the Defendants in *Federal Trade Commission v. Nationwide Connections, Inc. et al.*, be reimbursed by Issuer of such subpoena.

Witness requests that the United States District Court in the District of Columbia (the Court) take any or all of the following actions, as it deems fit and proper, with respect to the Subject Subpoena. Witness further requests that the Court take any other action it deems fit and proper in response to this specification of complaints, whether or not such action is specifically requested below.

1.    Witness requests that the Court quash the Subject Subpoena.

2.    If the Court chooses not to quash the Subject Subpoena, Witness requests that the Court direct the Issuer to modify the Subject Subpoena to address and correct each of the faults that are itemized in articles A and B above and in Exhibit C and that the Court deems supported and accepted. Witness requests that any modified version of the Subject Subpoena allow Witness a minimum of two (2) business weeks to respond from the date that Issuer anticipates service of the modified subpoena.

3.    If the Court chooses not to quash the Subject Subpoena, Witness requests that the Court notify the individuals listed in Exhibit D that Witness is commanded to address a federal subpoena for documents and may therefore be unable to fulfill in a timely manner the contractual obligations Witness and/or Witness's business have previously made for delivery of products.

4.    If the Court agrees with Witness and/or with the position of the FTC as stated in Exhibit D that the Subject Subpoena violated the Witness's protections under Rule 45, Federal Rules of Civil Procedure, Subdivision (c), Witness requests that the Court order the Issuer to reimburse Witness for lost earnings in accordance with the schedule of time required to respond to the Subject Subpoena, included as Exhibit E.

5.    Witness requests that the Court direct (a) the Issuer of the Subject Subpoena, (b) any person acting as Counsel to Defendants in *Federal Trade Commission v. Nationwide Connections, Inc. et al.*, or (c) any person with subpoena power acting on behalf of or at the request of any of the Defendants in *Federal Trade Commission v. Nationwide Connections, Inc. et al.*, to protect the Witness, who is neither a party nor an officer of a party in the federal suit referenced in item E.4, from significant further expense resulting from any such subpoenas by reimbursing the Witness for lost earnings, a reasonable attorney's fee, and costs of preparing documents for delivery, in accordance with the protections under Rule 45, Federal Rules of Civil Procedure, Subdivision (c).

6.    If the Court chooses not to grant the request in item E.5, Witness requests that any and all future subpoenas as specified in item E.5 be subject to review and approval, prior to issuance, by an Officer of the Court designated by the United States District Court in the District of Columbia, such Officer having no interest on behalf of any of the persons

named in (a), (b), or (c) of this item or on behalf of the Defendants in the suit referenced above. The purpose for which Witness requests such review is to ensure that any such subpoena does not violate the Witness's protections under Rule 45, Federal Rules of Civil Procedure, Subdivision (c).

7.      If the Court deems that there is compelling evidence that the Issuer of the subject subpoena violated the Witness's protections under Rule 45, Federal Rules of Civil Procedure, Subdivision (c) with deliberate intent (malfeasance by an Officer of the Court), Witness requests that the Court consider such sanctions against the Issuer and/or persons or corporate entities represented by the Issuer in the case of *Federal Trade Commission v. Nationwide Connections, Inc.*, as the Court deems fitting and appropriate to the malfeasance committed and to protection of the administration of justice under the laws of the United States of America.


Signature of Witness



_Robert J Katt_      Date: _May 23, 2007_
Robert J. Katt

**Exhibit C**



# FEDERAL TRADE COMMISSION

600 Pennsylvania Avenue, NW, H-285, Washington, DC 20580
FAX Number: (202) 326-3395

## Facsimile Transmittal Sheet

| | | |
|---|---|---|
| **To:** | Mr. Robert Katt<br>Fax: 703-486-0075 | **Total number of pages sent (Including this cover sheet):**<br><br>**4** |
| **From:** | Richard McKewen<br>**Federal Trade Commission**<br>Phone: 202- 326-3071<br>Fax: 202-326-3395 | Date: May 17, 2007 |
| | | Time: 10:45 am |
| **Subject:** | FTC v. Nationwide Connections, Inc. | |
| **Note:** | Feel free to call me with any questions. | |

**IMPORTANT NOTICE:**
The information contained in this transmission is privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and return the original message to us at the above address via the U.S. Postal Service. Thank you.



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Exhibit C

Bureau of Consumer Protection

Richard McKewen
Attorney
Division of Marketing Practices

Direct Dial: 202-326-3071
Fax: 202-326-3395

May 17 , 2007

## VIA ELECTRONIC MAIL

Andrew G. Berg, Esq.
King & Spalding LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006

RE:   *FTC v. Nationwide Connections, Inc.*

Dear Mr. Berg:

I am in receipt of the subpoenas that you issued on May 14, 2007, on behalf of BSG to two consumer witnesses, Mr. Robert Katt and Mr. Mark Braunstein. The two subpoenas, however, demand that these consumers produce documents that are in no way relevant to the subject matter of this action. Moreover, the breadth and scope of the document requests are such that, instead of being reasonably calculated to lead to the discovery of admissible evidence, they appear to be calculated to annoy, oppress, and unduly burden the witnesses. The FTC therefore demands that BSG withdraw the subpoenas.

Without waiving any other objections to the subpoenas, the FTC's reasons for demanding their withdrawal are as follows:

First of all, the range of dates for the documents sought in Requests Nos. 1, 6, 7, 8, 11, 12, and the first request numbered "13" is simply preposterous. These consumers' personal records going back over ten years could not possibly have any bearing whatsoever on a case concerning bogus collect calls billed from 2003 onward — and a single collect call billed to these two consumers in 2005. As a result, all of these requests are unduly burdensome, unwarranted invasions of the consumers' privacy, and completely inappropriate.

Next, Request No. 1, in which you demand the production of every telephone bill for the past ten years, is on its face vague, overbroad, and, except for the bills containing the fraudulent charges, completely irrelevant. This demand would not only require the production of bills for the subscriber line on which the fraudulent charge appeared, but would require the consumers to produce bills for any secondary lines, cellular telephones, and apparently even their work telephone lines. Similarly, Requests Nos. 6, 7, 8, 11, 12 would require the production of

Exhibit C
page 2

Andrew G. Berg, Esq.
May 17, 2007

materials regarding subscriber lines having no relation whatsoever to the causes of action underlying the FTC's enforcement action against BSG. As a result, these requests are unduly burdensome, an unwarranted invasion of the consumers' privacy, and grossly inappropriate.

As for Request No. 10, even assuming that a victimized consumer's place and nature of employment is in any way relevant to the unlawful billing at issue in this case — a dubious assumption at best — your request is impermissibly vague. How would the "sufficiency" of any documents be measured, and by whom? The request is improper and should be withdrawn.

As for the first request numbered "13," it seeks documents relating to matters and issues so far afield to the unauthorized billing of which your client stands charged, that is does not even pass the laugh test. It would require, for example, the consumers to produce documents related to any billing dispute they may have had with a doctor, a home improvement contractor, or even a babysitter. As a result, the request goes far beyond the scope of what is permissible under the discovery rules, is once again unduly burdensome and invasive of the consumers' privacy, and must therefore be withdrawn.

In addition, insofar as the subpoenas demand production of materials other than documents in the possession, custody, or control of the consumers, they exceed the scope of Rule 45. BSG has no lawful basis for demanding that the consumers produce documents no longer in their possession, custody, or control, nor does BSG have any lawful basis for demanding documents "of which [the consumers] have knowledge."

To the extent that these subpoenaed documents indicate the extent to which you intend to examine the witnesses at their deposition, BSG is hereby placed on notice that the FTC will not countenance such improper examination and will seek judicial intervention if necessary to prevent harassment of the witnesses.

In sum, BSG's vague subpoenas to these consumers seek more than a decade's worth of records that have absolutely nothing to do with this case. More disturbingly, they seek personal records, the production of which would be a gross invasion of the consumers' privacy. The FTC therefore demands that BSG withdraw the subpoenas. If BSG refuses to do so, the FTC will file an emergency motion for a protective order to force their withdrawal, and may also seek sanctions pursuant to Rule 11 and 28 U.S.C. § 1927, as appropriate. If I do not hear back from you by noon on Friday, May 18, I will assume that BSG refuses to withdraw the subpoenas.

Lastly, when I spoke with your co-counsel, J.D. Thomas on Tuesday, May 15, I told him that the FTC had asked these consumers to provide the FTC with pertinent documents in their possession in advance of their depositions, and that the FTC would make copies of them available to opposing counsel by the morning of the deposition. While I certainly understand that BSG's zealous counsel might want to independently subpoena these consumers (rather than simply rely on my representation), I am at a loss to understand how BSG could possibly think these two subpoenas are anything other than harassing, oppressive, and unduly burdensome. I am confident that the court would view them similarly.

Exhibit C

page 3

Andrew G. Berg, Esq.
May 17, 2007

Sincerely,

Richard McKewen

cc:    Mr. Robert Katt
       Mr. Mark Braunstein
       Carolyn Tapie, Esq.
       John-David Thomas, Esq.
       Laura Kim, Esq.
       Collot Guerard, Esq.

## Exhibit D
## Points of Contact for Near-Term Contractual Obligations
## of Robert Katt and/or Robert Katt & Associates, Inc.

1.      Hon. Harrison H. Schmitt
        Chair, NASA Advisory Council
        c/o Office of the Administrator
        National Aeronautics and Space Administration
        300 E Street SW
        Washington, DC 20546-0001
        **Contractual obligation at risk**: Completion of minutes of the NASA Advisory Council
        Workshop on Science Associated with the Lunar Exploration Architecture

2.      Nora D. Volkow, M.D.
        Director, National Institute on Drug Abuse
        6001 Executive Boulevard, Suite 5274
        Bethesda, MD 20892
        **Contractual obligation at risk**: Preparation for and participation as rapporteur in the
        Medications Development Scientific Workgroup meeting on May 29, 2007.

3.      Mr. Samuel Williamson
        Federal Coordinator
        Office of the Federal Coordinator for Meteorological Services and Supporting Research
        8455 Colesville Road, Suite 1500
        Silver Spring, MD 20910
        **Contractual obligation at risk**: Writing and editing work on current OFCM projects
        including the summary report on the National Wildland Fire Weather Needs Assessment
        and the final report on Federal Meteorological Data Assimilation: Capabilities to Meet
        GEOSS Goals.

4.      Mr. Bruce Braun
        Director, Board on Army Science and Technology
        National Research Council
        Room Keck 940
        500 Fifth Street. NW
        Washington, DC 20001
        **Contractual obligation at risk**: Timely delivery of meeting minutes for the Spring 2007
        meeting of the Board on Army Science and Technology

# Exhibit E
## Earnings Lost in Responding to Subject Subpoena

The billing rate for Robert J. Katt on all current projects of Robert Katt & Associates, Inc., is $70 per hour

A. Record of actual time spent in responding to Subject Subpoena from the time of its service until the time of preparation of this exhibit

| Date | Start time | End time | Hours | Comment |
|------|-----------|----------|-------|---------|
| 5/18/07 | 2:45 PM | 7:02 PM | 4.28 | read subpoena, begin document gathering and response to subpoena |
| 5/19/07 | 12:03 AM | 3:59 AM | 3.93 | begin petition to quash/modify subpoena |
| 5/19/07 | 7:35 AM | 10:05 AM | 2.50 | access docs in storage area; contnue work on petition & doc gathering |
| 5/19/07 | 2:36 PM | 5:00 PM | 2.40 | continue work on petition & doc gathering |
| 5/20/07 | 3:15 PM | 7:09 PM | 3.90 | continue work on petition & doc gathering |
| 5/20/07 | 8:30 AM | 10:29 AM | 1.98 | continue work on petition & doc gathering |
| 5/20/07 | 4:56 PM | 6:05 PM | 1.15 | continue work on petition & doc gathering |
| 5/20/07 | 7:33 PM | 11:46 PM | 4.22 | complete draft of petition and exhibits |
| 5/21/07 | 7:00 AM | 8:56 AM | 1.93 | draft appendices to petition; enter first-round copyedits |
| 5/21/07 | 9:40 AM | 11:15 AM | 1.58 | final copyread and correction of pettion and exhibits |
| 5/21/07 | 11:15 AM | 12:30 PM | 1.25 | Notarize, copy, and prepare original of petition |
| 5/21/07 | 12:30 PM | 1:45 PM | 1.25 | First attempt to submit petition |
| 5/21/07 | 1:45 PM | 6:10 PM | 4.42 | Revise petition as motion to invoke sanctions and exhibit 2 |
| 5/21/07 | 7:15 PM | 8:30 PM | 1.25 | Revise petition as motion to invoke sanctions and exhibit 2 |
| 5/21/07 | 8:30 PM | 8:35 PM | 0.08 | reformat motion and exhibits |
| 5/21/07 | 9:46 PM | 12:00 AM | 2.23 | draft written notice of objections |
| 5/22/07 | 7:34 AM | 6:10 PM | 10.60 | revise. proofread, and finalize all docs; serve notice of objections, talk w/ attorney prospect |
| Total hours | | | 48.95 | |

Total estimated cost of lost earnings from time of receipt of subpoena       $3,426.50
    to preparation of this exhibit

B. Estimate of time to be spent in responding to Subject Subpoena from the time of preparation of this exhibit to the time that documents are commanded to be delivered by the Subject Subpoena (Thursday, May 24, 2004, at 9:30 p.m.).

| Task | Estimated Hours |
|------|----------------|
| Notarize Rule 45 motion and prepare copies | 2 |
| Deliver Rule 45 motion to U.S. District Court | 2.5 |
| Total of estimated hours to time of required document delivery in accordance with Subject Subpoena | 4.5 |

Exhibit E

Total estimated cost of lost earnings from time of preparation of this exhibit to time that documents are to be delivered in accordance with Subject Subpoena          $315.00

C     Total of actual and estimated lost earnings to prepare for and respond to Subject Subpoena          $3,751.00